UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **J.L. SPOONS, INC.,** | ) | **CASE NO. 1:07 CV 2962** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **CITY OF BRUNSWICK**, *et al.*, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

This matter is before the Court upon plaintiff's motion for a preliminary injunction and request for an evidentiary hearing. (Doc. 3) Plaintiff alleges that defendants have violated its right to free speech, secured by the First and Fourteenth Amendments to the United States Constitution and by Article I, §§ 2 and 11 of the Ohio Constitution. For the reasons that follow, the motion is DENIED.

**FACTS**

Plaintiff J.L. Spoons, Inc., an Ohio corporation that owns and operates a nightclub named "Christie's Cabaret" located in the city of Brunswick, brings this action against the City of Brunswick ("Brunswick"), Cliff Calaway ("Calaway"), and John Doe, now identified as Herb Porter ("Porter"). Calaway is employed by Brunswick as the Assistant Chief

Building Official. Porter is also employed by Brunswick as an official in the building department. Both Calaway and Porter are sued in their official and individual capacities.

Plaintiff's nightclub is located in the Centre Plaza shopping center on Snow Road in Brunswick. Plaintiff leases the premises from Centre Plaza Inc. Centre Plaza has a "monument" style, two-sided, free standing sign that is available for its tenants' use. Plaintiff has used and intends to use the monument sign "to express and exchange truthful and valuable information about commercial and noncommercial subjects" and to "identify the Premises and its business located there, to convey information about services provided there and special events occurring there, to promote and engender goodwill, and to promote social or political ideas and causes." Plaintiff also presents, and desires to present in the future, erotic dance performances.

On or about June 27, 2007, plaintiff used the monument sign to express and convey the following message: "HARD TIMES. TAKE A TIME OUT WITH US." Plaintiff has since removed this message from the monument sign. Calaway and Porter came onto the premises on or about June 27, 2007, and told plaintiff that it could consult with the city's law director for an advanced ruling on whether or not similar messages would be permissible. The parties agree that the message did not violate any of Brunswick's published written rules, regulations, policies or ordinances. Plaintiff and defendant Brunswick are not parties to any agreement limiting or restricting, or authorizing defendants to limit or restrict, the content of any message that plaintiff might wish to display.

Plaintiff moves for a preliminary injunction enjoining defendants from:

> in any way preventing or precluding plaintiff from posting the
> message "HARD TIMES" "TAKE A TIME OUT WITH US" or

2

> similar messages on the Centre Plaza monument sign, from in any way limiting, restraining, censoring, or suppressing the lawful and constitutionally protected messages to be expressed or conveyed by plaintiff on Centre Plaza's monument sign, from requiring submission to and or the approval by defendants of messages to be expressed or conveyed by plaintiff on Center Plaza's monument sign, or from penalizing or punishing plaintiff for posting lawful and constitutionally protected messages on the monument sign.

Defendants did not oppose the motion.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 65 governs the issuance of preliminary injunctions. "When considering a motion for a preliminary injunction, the district court should consider four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *Rock and Roll Hall of Fame and Museum, Inc. v. Gentile Productions*, 134 F.3d 749, 753 (6th Cir. 1998); *see also Memphis Planned Parenthood, Inc. v. Sundquist*, 175 F.3d 456, 460 (6th Cir. 1999).

These four considerations are factors to be balanced, not prerequisites that must be met. *E.g., McPherson v. Michigan High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 459 (6th Cir. 1997). Not all of the factors need be fully established for a temporary restraining order or injunction to be proper. *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997). However, a district court must make specific findings concerning each of these factors, unless fewer factors are dispositive of the issue. *Six Clinics Holding Corp., II v. Cafcomp Sys., Inc.*, 119 F.3d 393, 399 (6th Cir. 1997). And, while none of the factors are given controlling weight, a preliminary injunction shall not issue where there is no likelihood

3

of success on the merits. *Michigan State AFL-CIO*, 103 F.3d at 1249.

**DISCUSSION**

The First Amendment to the United States Constitution provides that "Congress shall make no law ... abridging the freedom of speech."[1] The First Amendment applies to the states through the Due Process Clause of the Fourteenth Amendment. *E.g., Lovell v. City of Griffen*, 303 U.S. 444, 450 (1938). "It is also well settled that municipal ordinances adopted under state authority constitute state action and are within the prohibition of the amendment." *Id.*

Plaintiff asserts that the message at issue in this case was placed on the monument sign by an employee who was inspired by a church sign that read: "HARD TIMES. COME PRAY WITH US." Plaintiff alleges that on or about June 27, 2007, defendants Calaway and Porter came onto the premises and requested that plaintiff remove the message because it was sexually suggestive. Calaway and Porter, in their answer to the complaint, admit to being on the premises. However, Calaway and Porter deny asking or telling plaintiff to remove the message and deny stating the message was objectionable because it was sexually suggestive.

Calaway and Porter further deny telling plaintiff that an agreement between plaintiff and Brunswick provided them the authority to request the message be removed. Defendants admit that there is no such agreement between the parties and admit that the message did not violate any of Brunswick's written rules, regulations, policies or ordinances. Calaway and Porter further admit that plaintiff asked them what type of messages plaintiff could post on

---

[1] Article I, Section 11 of the Ohio Constitution similarly provides, "no law shall be passed to restrain or abridge the liberty of speech." This provision provides the same guarantees as those provided by the First Amendment to the United States Constitution. *See City of Cleveland v. Trzebuckowski*, 709 N.E.2d 1148, 1152 (Ohio 1999).

the monument sign. They responded that plaintiff could check with Brunswick's law director before posting similar messages in the future. Plaintiff contends that defendants' actions constitute a content-based prior restraint on constitutionally protected speech.

The Court finds that plaintiff has failed to establish a likelihood of success on the merits. Plaintiff offers no affidavit or verified complaint in support of its motion. As a result, the Court is left with plaintiff's allegations in the unverified complaint and defendants' denials in the answer to the complaint. Based on the pleadings, there is a dispute over whether or not defendants asked or instructed plaintiff to remove the message. There is also a dispute as to whether defendants' suggestion to plaintiff that it could seek an advanced ruling on the acceptability of other messages in the future actually constitutes a prior restraint. The Court believes there may be a legally significant difference between a mandate that plaintiff obtain advanced rulings on all messages it wishes to place on the monument sign and a mere offer that plaintiff may seek an advanced ruling if it so chooses. In the absence of any evidence from plaintiff on the exact nature of defendants' actions, the Court declines to grant plaintiff's motion for a preliminary injunction.[2]

---

[2] Having found no likelihood of success on the merits, the Court need not address the other three factors. *Michigan State AFL-CIO*, 103 F.3d at 1249.

5

**CONCLUSION**

For the foregoing reasons, plaintiff's motion is DENIED.

IT IS SO ORDERED.

                                       /s/ Patricia. A. Gaughan
                                       PATRICIA A. GAUGHAN
                                       United States District Judge

Dated: 11/8/07